# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH SHEROD CANNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 15-13565-FDS |
| ) | |
| LOWELL DISTRICT COURT, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

## I. Introduction

On August 3, 2015, plaintiff Joseph Sherod Cannon, a prisoner in custody in a state facility in East Elmhurst, New York, filed a civil rights complaint in the United States District Court for the Southern District of New York. *Cannon v. Lowell District Court, et al.*, Civil Action No 15-6105 (LAP). Cannon listed the defendants as (1) the Lowell District Court; (2) John Murphy; (3) Douglas Parigian; (4) Robert Normandin; (5) Mark Hooper; (6) "District Attorney of Lowell District Court"; (7) "District Attorney of Lawrence District Court"; (8) Billerica House of Correction; (9) Bridgewater State Hospital; and (10) the Chelmsford Police Department. Along with the complaint, Cannon filed a motion for leave to proceed *in forma pauperis*, a prisoner authorization form, and a motion for appointment of *pro bono* counsel.

On October 7, 2015, Judge Loretta A. Preska issued a transfer order directing that the action be transferred from the Southern District of New York to this Court pursuant to 28 U.S.C. § 1406(a).

The complaint is sparse and not entirely coherent. From what can be discerned, it appears that Cannon is alleging that he was falsely imprisoned based on a probation violation

detainer in October 2013. He contends his probation officer, John Murphy, lied to the judge by stating that he had failed to report to probation. He further contends that he did not receive notice of the probation violation until April 17, 2014, when he appeared in the Lawrence District Court. At that time, his defense counsel, Robert Normandin, withdrew from Cannon's case.

Additionally, Cannon contends that paperwork from the District Attorney's Office states that he was sentenced on January 7, 2014; however, Cannon asserts that he actually was sentenced on the following day, January 8, 2014. The remainder of the complaint simply contains the names the defendants and lists other unnamed defendants. As relief, Cannon seeks monetary damages.

## II.     Discussion

### A.     The Motion for Leave to Proceed *In Forma Pauperis*

Cannon has filed a financial affidavit indicating that he has no income or assets apart from $1.11 in his account. He did not submit a certified prison account statement; however, as is the practice at the New York facility, where he is incarcerated, he executed a prisoner authorization form that authorizes the agency having custody of him, or any agency to which he is transferred, to send a certified copy of his prison trust fund account for the past six months to this Court. The prisoner authorization further authorizes the agency to calculate the amounts specified by 28 U.S.C. § 1915, to deduct those amounts from Cannon's prison trust fund account (or institutional equivalent), and to disburse those amounts to this Court. In another civil suit filed recently in this Court, Judge Burroughs granted Cannon leave to proceed *in forma pauperis* based on the same financial disclosures. She also directed the agency having custody of him to calculate Cannon's filing fee obligations pursuant to 28 U.S.C. § 1915(b) and disburse those amounts to this Court. *See Cannon v. Noel, et al.*, Civil Action No. 15-14196-ADB (Order, Docket No. 8, dated January 12, 2016).

Under the circumstances, the Court will grant Cannon's motion for leave to proceed *in forma pauperis* and directs that the agency having custody over Cannon calculate the amounts specified in 28 U.S.C. § 1915(b), deduct those funds from Cannon's prison account, and disburse

payments to this Court as required under 28 U.S.C. § 1915.

### B. Screening of the Complaint

Under 28 U.S.C. § 1915(e)(2), the Court may conduct a preliminary review of the complaint brought by a litigant proceeding without prepayment of the filing fee. Similarly, under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or from officers or employees of a governmental entity are also subject to screening. Both § 1915 and § 1915A authorize federal courts to dismiss a complaint *sua sponte* if the claims are frivolous, malicious, fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

In view of Cannon's allegations of violations of his constitutional rights, and his use of a template complaint form for claims under § 1983, this Court construes this action as one brought pursuant to 42 U.S.C. § 1983. In conducting the preliminary screening, this Court must liberally construe the complaint because Cannon is proceeding *pro se*. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Instituto de Educacion Universal Corp. v. U.S. Dept. of Education*, 209 F.3d 18, 23 (1st Cir. 2000). Even under a liberal construction, however, there are a number of legal impediments to this action.

### C. Failure to Set Forth Plausible Claims

In determining whether a *pro se* complaint fails to state a claim for purposes of 28 U.S.C. §§ 1915(e)(2) and 1915A, courts "use the same standard that governs dismissals under Fed. R. Civ. P. 12(b)(6)." *Jenkins v. Walker*, 620 Fed. Appx. 709, 710 (11th Cir. 2015). The Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *See Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive review, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)." *Id.* at 555 (citations omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

Here, the only discernible allegation of wrongdoing by any defendant is the claim that Cannon's probation officer allegedly lied to the court in connection with his probation violation hearing.  The complaint does not, however, allege sufficient underlying facts to state a plausible claim.  He fails to set forth the "when, where, and why" information necessary to give this defendant sufficient notice of the claim.

The complaint does not include any allegations showing that Cannon is entitled to relief with respect to any other defendant.  The complaint simply lists names of the defendants and others not named as defendants.  By collectively asserting his claims against the defendants, the complaint fails meet the pleading requirements for proceeding in this Court.  *See Bagheri v. Galligan*, 160 Fed. Appx. 4, 5, 2005 WL 3536555, *1 (1st Cir. 2005) (finding complaint deficient because, *inter alia*, it failed to state clearly which defendant or defendants committed each of the alleged wrongful acts);  *see also Atuahene v. City of Hartford*, 10 Fed. Appx. 33, *34, 2001 WL 604902, *1 (2nd Cir. 2001) (stating "[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [plaintiff's] complaint failed to satisfy [the] minimum standard . . . .").

Accordingly, this action is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### D. Billerica House of Correction

The complaint names the Billerica House of Correction as a defendant.  Jails and prisons, however, are only buildings; they are not entities subject to suit.  *See, e.g., Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (*per curiam*); *Marsden v. Fed. Bureau of*

*Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) ("a jail is not an entity that is amenable to suit.").

    **E.**    **Attorney Robert Normandin**

The complaint names Cannon's former defense counsel, Robert Normandin, as a defendant. There is no allegation, however, that Normandin acted under color of state law. A claim under § 1983 is limited to "person[s] who [act] under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. *See Klunder v. Brown University*, 778 F.3d 24, 31 (1st Cir. 2015) *citing Estades–Negroni v. CPC Hosp. San Juan Capestrano*, 412 F.3d 1, 4 (1st Cir. 2005) (setting forth three-part test for state action).

Here, it appears that Normandin was appointed by the state court to defend Cannon. Such an appointment is insufficient to make him a state actor. "It is well settled that state appointed attorneys performing traditional functions as counsel do not act under color of state law within the meaning of 42 U.S.C. § 1983." *Dunker v. Bissonnette*, 154 F. Supp. 2d 95, 105 (D. Mass. 2001) (citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), and *Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995)). *See Malachowski v. City of Keene*, 787 F.2d 704, 710 (1st Cir. 1986) ("A private attorney who is sued for actions allegedly taken as court-appointed counsel does not act under color of state law.") (citations omitted). Indeed, "[e]ven when the defective performance of the state appointed attorney causes 'the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983.'" *Dunker*, 154 F. Supp. 2d at 105 (quoting *Briscoe v. LaHue*, 460 U.S. 325, 329 n.6 (1983)).

    **F.**    **Bridgewater State Hospital, the Lowell District Court, the Chelmsford Police Department, and the District Attorneys of Lowell District Court and Lawrence District Court**

The complaint names as defendants the Bridgewater State Hospital, the Lowell District

Court, the Chelmsford Police Department, the District Attorney of the Lowell District Court, and the District Attorney of the Lawrence District Court.[1] It is a reasonable inference that Cannon seeks to hold these defendants liable based on the actions of their employees. Such claims are thus based on a theory of *respondeat superior* liability, which is not available in civil rights actions under 42 U.S.C. § 1983. "It is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable'" under Section 1983. *Velez-Rivera v. Agosto-Alicea*, 437 F.3d 145, 156 (1st Cir. 2006) (quoting *Cepero-Rivera v. Fagundo*, 414 F.3d 124, 129 (1st Cir. 2005)).[2]

### G. Chelmsford Police Department

The complaint also lists the Chelmsford Police Department as a defendant. A police department, however, is not a suable entity. *See Johnson v. Rodriguez*, 943 F.2d 104 (1st Cir. 1991) (state agency may not be sued for alleged civil rights violations). *See also Cronin v. Town of Amesbury*, 895 F. Supp. 375 (D. Mass. 1995) (granting summary judgment in favor of town police department as not a proper defendant in 1983 action). Among other things, if the police department is found liable, "it is the city [or town] which will pay; the result is the same as suing the city." *Henschel v. Worcester Police Dep't, Worcester, Mass.*, 445 F.2d 624, 624 (1st Cir.1971) (brackets added). *See Aldrich v. Town of Milton*, 881 F. Supp. 2d 158, 165 (D. Mass. 2012); *Douglas v. Boston Police Dep't*, 2010 WL 2719970 (D. Mass. 2010) (dismissing suit against a municipal police department because department "has no legal existence or liability to suit separate from the [municipality]"). "Like a municipality, a police department 'cannot be held liable in damages under § 1983 merely because it employs a tortfeasor.'" *Boyle v.*

---

[1] The Court will assume Cannon intended to identify the defendants as the District Attorneys for Essex and Middlesex Counties rather than the specific state courts.

[2] To the extent that Cannon seeks to hold the District Attorneys liable for direct actions taken in connection with his criminal cases, they would be entitled to absolute prosecutorial immunity from suit. It is well-established that prosecutors are absolutely immune from suit arising out of their role as an advocate for the state or for conduct closely associated with the judicial phase of the criminal process. *Van de Kamp, et al., v. Goldstein*, 555 U.S. 335, 343 (2009); *Buckley v. Fitzsimmons*, 509 U.S. 259, 269-271 (1993); *Burns v. Reed*, 500 U.S. 478, 489-492 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 427-428, 430-431 (1976).

*Barnstable Police Dept.*, 818 F. Supp. 2d 284, 300 (D. Mass. 2011) *quoting  Malachowski v. City of Keene*, 787 F.2d 704, 711 (1st Cir.1986); *accord Dwan v. City of Boston*, 329 F.3d 275 (1st Cir. 2003); *Lumpkin v. Lucey*, 2010 WL 1794400, *2 (D. Mass. May 4, 2010) ("a municipal police department is not subject to suit under Section 1983").[3]

### H. Sovereign Immunity

Any claims for monetary damages against the Lowell District Court are not cognizable because they are barred by the Eleventh Amendment of the United States Constitution.[4]  This amendment generally is recognized as a bar to suits in federal courts against a State, its departments, and its agencies, unless the State has consented to suit or Congress has overridden the State's immunity.  *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (*per curiam*); *Hudson Sav. Bank v. Austin*, 479 F.3d 102, 105-06 (1st Cir. 2007).

Here, the Lowell District Court is part of the judicial branch of the state government and therefore is an arm of the state.  *See* Mass. Gen. Laws ch. 218, § 1, *et seq.*  It therefore is entitled to Eleventh Amendment immunity because there is no indication that the Commonwealth of Massachusetts has waived its immunity or that Congress has overridden it under the circumstances of this case.  *See Brown v. Newberger*, 291 F.3d 89, 92 (1st Cir. 2002) (upholding dismissal of claims against Massachusetts trial court on the ground of Eleventh Amendment immunity).

In addition, any claims for money damages against the District Attorneys of Essex and Middlesex Counties based on their official capacities are likewise barred because the Eleventh Amendment precludes federal courts from hearing state claims brought against state officials in

---

[3] "A municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Bordanaro v. McLeod*, 871 F.2d 1151, 1155 (1st Cir. 1989) *citing Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (discussing in what circumstances a municipality could be held liable under § 1983).

[4] The Eleventh Amendment provides:  "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. Amend. XI.

their official capacities. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984); *J.R. v. Gloria*, 593 F.3d 73, 82 (1st Cir. 2010); *Johnson v. Rodriguez*, 943 F.2d 104, 108 (1st Cir. 1991) ("It is settled beyond peradventure, however, that neither a state agency nor a state official acting in his official capacity may be sued for damages in a § 1983 action.").[5]

### I. The Favorable Termination Rule

Any claims that stem from Cannon's criminal sentence or probation revocation are subject to dismissal because they are barred by the favorable termination rule. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court considered whether a state prisoner who was serving a sentence for voluntary manslaughter could bring a claim federal civil rights action in which he alleged that state prosecutors and the police had violated his rights under the United States Constitution by engaging in an unlawful investigation leading to the plaintiff's arrest, knowingly destroying exculpatory evidence, and causing an unlawful voice identification procedure to be used at trial. *See id.* at 479. The Supreme Court recognized that although the plaintiff did not seek release or any other injunctive relief, *see id.*, the plaintiff's lawsuit was a challenge to the validity of an outstanding criminal judgment, *see id.* at 486. Drawing upon the common-law tort principle that an action for malicious prosecution cannot be maintained unless the prior criminal proceeding was terminated in favor of the accused, the Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a [federal civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. This rule applies not only where the plaintiff expressly states that his conviction or sentence is invalid, but wherever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487.

---

[5] The Eleventh Amendment extends to confer immunity from suit upon state officials when "the state is the real substantial party in interest," that is, when "the judgment sought would expend itself on the public treasury . . . , or interfere with the public administration . . . ." *Pennhurst State Sch. & Hosp.*, 465 U.S. at 101-102, n. 11.

Here, the "favorable termination" rule of *Heck* appears to bar this action because the complaint seeks monetary damages for false imprisonment (presumably as a result of alleged perjured statements of his probation officer regarding the failure to report to probation and/or in support of a probation violation detainer). A determination of this claim would necessarily imply the invalidity of his probation revocation.[6]

### J. Motion For Appointment of Counsel

Cannon also seeks appointment of counsel by the Court. Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). A civil plaintiff, however, does not have a constitutional right to free counsel. *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights. *Id.* To determine whether exceptional circumstances sufficient to warrant the appointment of counsel are present in a case, the court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself. *Id.* at 24.

At this juncture, this Court cannot find that exceptional circumstances exist that would warrant appointment of *pro bono* counsel in this case, particularly where his lack of funds and legal skills are not unique problems in prisoner litigation, and because this action is subject to dismissal in its entirety for the reasons set forth herein.

Accordingly, Cannon's motion for appointment of counsel will be denied.

### III. Order to Show Cause and File an Amended Complaint

For all the reasons noted above, the claims are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) and 28 U.S.C. § 1915A. Accordingly, this action will be dismissed

---

[6] Similarly, to the extent that the complaint also challenges the actions of other defendants that involve criminal convictions in the Lowell and/or Lawrence District Courts, or that relate to police actions leading to convictions, those claims also would be barred by the favorable termination rule to the extent they imply the invalidity of the conviction(s).

within 42 days of the date of this Memorandum and Order unless Cannon shows cause in writing why this action should not be dismissed.

In addition, should Cannon wish to proceed with this action, he must file an amended complaint within 42 days of the date of this Memorandum and Order setting forth plausible claims against each defendant. Any amended complaint should set forth the identity of each defendant, the specific underlying facts upon which a claim is based, and the specific legal theory of liability.

Failure to comply with any of the directives contained in this Memorandum and Order may result in a dismissal of this action. No summonses shall issue pending further order of the Court.

### IV.    Conclusion

For the foregoing reasons,

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* is ALLOWED;

2. The Clerk of Court is directed to send a copy of this Memorandum and Order to plaintiff and to the agency having custody of him. That agency is directed to forward copies of the plaintiff's prison trust fund account for the past six months and to disburse the payments required under 28 U.S.C. § 1915 to the United States District Court for the District of Massachusetts and to include the above docket number on the disbursement before sending it to the Court. If plaintiff is transferred to another facility, the current facility shall provide a copy of this Memorandum and Order to the facility to which plaintiff is transferred.

3. Within 42 days of the date of this Memorandum and Order, plaintiff shall demonstrate good cause in writing why this action should not be dismissed for failure to state a claim;

4. Within 42 days of the date of this Memorandum and Order, plaintiff shall file an

       amended complaint setting forth plausible claims in accordance with Rule 8 of the Federal Rules of Civil Procedure; and

5.     Plaintiff's Motion for Appointment of *Pro Bono* Counsel is DENIED.

**So Ordered.**

                                       /s/ F. Dennis Saylor
                                       F. Dennis Saylor IV
                                       United States District Judge

Dated: May 5, 2016