UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH SHEROD CANNON,

    Plaintiff,

    v.

LOWELL DISTRICT COURT, et al.,

    Defendants.

Civil Action No.
15-13565-FDS

## MEMORANDUM AND ORDER FOR DISMISSAL

**SAYLOR, J.**

    Plaintiff Joseph Sherod Cannon is a Massachusetts state prisoner. He filed an action in the United States District Court for the Southern District of New York, naming as defendants the Lowell District Court, the Lowell and Lawrence District Attorneys, the Billerica House of Correction ("BHC"), the Bridgewater State Hospital ("BSH"), the Chelmsford Police Department ("CPD"), his probation officer, his criminal defense counsel, and other individuals. The complaint was not entirely coherent, but it appeared that Cannon had alleged that he was falsely imprisoned based on a probation violation detainer in October of 2013.

    On October 7, 2015, the action was transferred to this court. On May 5, 2016, this Court issued a memorandum and order directing Cannon to demonstrate good cause why his complaint should not be dismissed within 42 days for the reasons stated therein. He also was directed to file an amended complaint. The memorandum and order discussed in detail the various legal impediments to Cannon's claims. These included the failure to set forth plausible claims in accordance with Rule 8 of the Federal Rules of Civil Procedure; the lack of liability of the BHC; the failure to state plausible civil rights claims against his former defense counsel; the lack of *respondeat superior* liability of the defendants BSH, the Lowell District Court, the CPD, and the District Attorneys of Lowell District Court and Lawrence District Court; the lack of liability of

the CPD; the bar to claims against the Lowell District Court presented by Eleventh Amendment sovereign immunity; the bar to claims for monetary damages against the District Attorneys of Essex and Middlesex Counties; and the possible bar of Cannon's claims based on the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994).

On June 6, 2016, Cannon filed an amended complaint. The amended complaint again named as defendants the Lowell District Court, the Lawrence District Court, the BHC, and the BSH. It also added as defendants the Essex County Jail and John Doe and Jane Doe, both officers of the CPD. The other individual defendants named in the original complaint were not included.

In the amended complaint, Cannon alleges that on October 9, 2013, he was arrested by officers of the CPD. The following day, he was detained by the Lowell District Court based on multiple counts of assault and battery with a dangerous weapon. On January 8, 2014, he was sentenced on a probation violation. The complaint alleges that he has never been released, notwithstanding the fact that the Lawrence District Court dismissed his case on February 20, 2015. He contends this constitutes double jeopardy and false imprisonment for a 16-month period, and also constitutes cruel and unusual punishment.

Cannon further alleges that his reputation has been damaged because the defendants published matters concerning his arrest. He alleges that all of the defendants "agreed, conspired, and acted in concert to falsely and maliciously initiate criminal prosecution of Plaintiff . . . ." Am. Compl. (Docket No. 11 at 2). He contends that as a result he was indicted based on false and perjured testimony of other witnesses procured by the defendants by means of threats, bribes, and intimidation. He seeks $45 million in monetary damages and other costs.

I.     **Discussion**

Even under a broad reading, the *pro se* amended complaint still is legally deficient in a number of respects. Specifically, the complaint fails to state plausible claims upon which relief can be granted against the Lowell District Court, the Lawrence District Court, the BHC and the

BSH, essentially for the same reasons previously set forth by the Court in the Memorandum and Order.  Moreover, the Essex County Jail, like the BHC, is not a suable entity under 42 U.S.C. § 1983.  Thus, the claims of conspiracy, malicious prosecution, false imprisonment, cruel and unusual punishment, and defamation against these defendants must be dismissed.

With respect to the claims against the unidentified John Doe and Jane Doe police officers, the allegations are general and conclusory in nature, and devoid of underlying facts in support.  The general allegation that all of the defendants conspired to violate his civil rights is not sufficient to meet the pleading requirements to state plausible or cognizable claims.  *See Williams v. City of Boston*, 771 F. Supp. 2d 190 (D. Mass. 2011).  "'A civil rights conspiracy is commonly defined is 'a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damages.'" *Estate of Bennett v. Wainwright*, 548 F.3d 155, 178 (1st Cir. 2008) (quoting *Earle v. Benoit*, 850 F.2d 836, 844 (1st Cir.1988)).  Thus, "[t]o present an adequate conspiracy claim, there must be allegations of (1) an agreement between two or more state actors . . . (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Lumpkin v. Lucey*, Civil Action No. 09–11921–RGS, 2010 WL 1794400, at *5 (D. Mass. 2010) (quotations and citations omitted). Additionally, allegations of a conspiracy under § 1983 "must . . . be supported by material facts, not merely conclusory statements." *Slotnick v. Garfinkle*, 632 F.2d 163, 165 (1st Cir. 1980).  The complaint fails to meet this standard and thus his claims against the John and Jane Doe police officers must be dismissed.

Similarly, with respect to John and Jane Doe, the complaint fails to set forth cognizable claims based on malicious prosecution, false arrest, cruel and unusual punishment, or defamation in accordance with Rule 8.  He fails to set forth any factual basis from which it reasonably could be inferred that these two defendants falsely arrested or imprisoned him, or otherwise acted

wrongfully in violation of his civil rights.  The amended complaint fails to provide sufficient notice to the defendants of the claims asserted against them and the grounds for those claims.

This Court already has afforded plaintiff an opportunity to amend his pleadings to state plausible claims, and has detailed the numerous legal impediments to his claims.  Despite this, and even though he did not name all of the defendants in the original complaint, he simply has reasserted his legally deficient claims and added new deficient claims.  In light of this, the Court need not afford plaintiff an opportunity to file a further amended complaint.

Accordingly, because the complaint fails to state plausible claims upon which relief can be granted and for the reasons set forth in this Memorandum and Order and the prior Memorandum and Order (Docket No. 8), this action will be DISMISSED in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) and § 1915A(b)(1) and (2).[1]

## II.     Conclusion

For the foregoing reasons, this action is DISMISSED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: July 6, 2016

---

[1] For purposes of application of the three-strikes rule of 28 U.S.C. § 1915(g), this Court considers this dismissal as one based on the merits.